IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Auris Fabrizio, #58289-004, | ) | Case No.: 4:25-cv-13718-JD-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Warden, FCI Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 19.) The Report recommends that the Court deny Petitioner's request to proceed without prepayment of the filing fee and require Petitioner to pay the $5.00 filing fee for this habeas action within fourteen days of the Court's order.

A.     **Background**

Petitioner Auris Fabrizio ("Petitioner") is a federal inmate in the custody of the Bureau of Prisons ("BOP"). At the time he filed his amended § 2241 petition, Petitioner identified FCI Edgefield as his place of confinement; however, the docket and Report reflect later uncertainty regarding his location and current custodian. Petitioner filed this habeas action under 28 U.S.C. § 2241, alleging that the Bureau

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

of Prisons improperly transferred him from USP Coleman I to FCI Edgefield, which disrupted his anticipated halfway-house placement and resulted in his confinement in the Special Housing Unit without access to his legal materials. He further contends that these actions violated his constitutional rights.

**B.     Report and Recommendation**

On January 21, 2026, the Magistrate Judge issued the Report presently before the Court. (DE 19.) The Report explains that Petitioner, a federal prisoner proceeding *pro se*, filed this action seeking habeas relief under 28 U.S.C. § 2241 and also filed a Motion for Leave to Proceed *in forma pauperis*. The Magistrate Judge expressly limited the Report to the issue of whether Petitioner's financial condition justified waiver of the $5.00 filing fee.

In evaluating Petitioner's request, the Magistrate Judge noted that Petitioner reported having $125.00 in his inmate account. The Report further recognized that a litigant need not be completely destitute to qualify for *in forma pauperis* status, but that the decision whether to grant or deny such status is committed to the Court's discretion. Applying the relevant considerations, the Magistrate Judge concluded that Petitioner had not shown that payment of the $5.00 filing fee would bar his access to the Court, impose an undue hardship, or render him destitute. Accordingly, the Report recommends that Petitioner's Motion for Leave to Proceed *in forma pauperis* be denied and that Petitioner be ordered to pay the $5.00 filing fee within fourteen days of the Court's order.

The Report also notes that it is unclear whether the named Respondent remains Petitioner's proper custodian because Petitioner may have been transferred and later mail was returned as undeliverable. Petitioner, however, was previously notified of his obligation to keep the Court apprised of any change of address.

## C.     Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D.     Absence of Objections

No objections have been filed. In the absence of objections, the Court need not conduct de novo review and must only satisfy itself that there is no clear error on the face of the record. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310,

315 (4th Cir. 2005). After reviewing the Report, the record, and the applicable law, the Court finds no clear error.

### E.      Conclusion

Accordingly, after careful review of the Report and Recommendation and the record before the Court, and finding no clear error, the Court adopts the Report (DE 19) and incorporates it herein by reference.

It is, therefore, ORDERED that Petitioner's Motion for Leave to Proceed in forma pauperis (DE 13) is DENIED. Petitioner shall pay the $5.00 filing fee within fourteen (14) days from the entry of this Order. If Petitioner timely pays the filing fee, this matter will remain pending for further proceedings. If Petitioner fails to timely pay the filing fee, this action will be dismissed without prejudice and without further notice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 11, 2026

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4